UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------
YU ZHOU LUO on behalf of himself and all others similarly situated

Plaintiff,

-against-

GAC GP LLC
D/B/A GLOBAL ACCEPTANCE CREDIT COMPANY

Defendant.
-------------------------------------------------------------

ECF CASE
08 CV 2995 (PKC)

**CLASS ACTION COMPLAINT**

Plaintiff, by and through his attorney, Adam J. Fishbein, as and for his complaint alleges as follows:

## INTRODUCTION

0.1   This is an action for damages brought by an individual consumer and on behalf of a class for defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## PARTIES

0.2   Plaintiff is a natural person residing in New York County, New York.

0.3   Upon information and belief, defendant GAC GP LLC is a foreign limited liability company with its principal place of business located in Texas.  Defendant is a debt collector within the meaning of the FDCPA.

## JURISDICTION

0.4   This Court has jurisdiction pursuant to 15 U.S.C. § 1692k (FDCPA) and 28 U.S.C. § 1331.

## AS AND FOR A FIRST CAUSE OF ACTION

1.1   Plaintiff realleges paragraphs 0.1 through 0.4 as if fully restated herein.

1.2   That a personal debt was allegedly incurred by the plaintiff.

1

1.3     That at a time unknown to the plaintiff herein, the aforementioned debt was referred to defendant for collection.

1.4     The defendant sent a letter to the plaintiff dated March 27, 2007.

1.5     Said letter was sent to the plaintiff in an attempt to collect a debt in the amount of $2203.62.

1.6     Said letter states in pertinent part: "Your account has now been placed with the Asset Review Department.  This department will search for certain information concerning you and your co-signors responsible for this account.  Our review will attempt to uncover the following information.

    1.     Verification of employment

    2.     Ownership of personal or real property

    3.     Verification and existence of personal assets

    4.     Verification of personal and/or business credit history."

Upon completion of this, the Asset Review Department will evaluate all information obtained and make a recommendation as to whether we should seek legal approval in having an attorney representing our company file suit against you and all responsible parties.  It is our intent to maintain our right to collect this debt if it appears that you or your co-signors have the ability to satisfy this debt.  In the event a judgment is awarded, Global Acceptance Credit Company will evaluate all remedies available to it that is allowed by local, state and federal law."

1.7     The said March 27, 2007 letter sets forth that the current balance is $2203.62.

1.8     The defendant sent the plaintiff a prior letter dated February 13, 2007.

1.9     Said February 13, 2007 letters sets forth the balance as being $2336.

1.10    From examining the two letters, the balance decreased over time.

1.11    Upon information and belief, the representations concerning the balance are false and deceptive.

1.12 The defendant is in violation of 15 U.S.C. §§ 1692e(5) and 1692e(10).

1.13 This cause of action is brought on behalf of plaintiff and the members of two classes.

1.14 Class A consists of all persons whom Defendant's records reflect resided in the New York and who were sent a collection letter (a) bearing the defendant's letterhead in substantially the same form as the letter sent to the plaintiff on or about March 27, 2007 (b) the collection letter was sent to a consumer seeking payment of an alleged debt; and (c) the collection letter was not returned by the postal service as undelivered, (d) and that the letter contained violations of 15 U.S.C. §§ 1692e(5) and 1692e(10).

1.15 Class B consists of all persons whom Defendant's records reflect resided in the New York and who were sent a collection letters (a) bearing the defendant's letterhead with the incorrect amount of the debt (b) the collection letter was sent to a consumer seeking payment of an alleged debt; and (c) the collection letter was not returned by the postal service as undelivered, (d) and that the letter contained violations of 15 U.S.C. § 1692e(10).

1.16 Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A) Based on the fact that the telephone message was the same for each consumer and that the class is so numerous that joinder of all members is impracticable.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

3

(C) The only individual issue is the identification of the consumers who received the letters, (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

(D) The claims of the plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The plaintiff's interests are consistent with those of the members of the class.

1.17  A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

1.18  If the facts are discovered to be appropriate, the plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

1.19  Defendant violated the FDCPA. Defendant's violation includes, but are not limited to, the following:

    (a)    The defendant violated 15 U.S.C. § 1692e(5) by threatening actions in which it did not intend to engage.

    (b)    The defendant violated 15 U.S.C. § 1692e(10) by using false

representations and deceptive means in an attempt to collect a debt.

1.20   As a result of the above violations of the FDCPA, defendant is liable to the plaintiff for the sum of plaintiff's statutory damages to be determined at trial, plus costs and attorney's fees.

WHEREFORE, plaintiff respectfully prays that judgment be entered against defendant in the amount of:

(a)   Statutory and damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial.

(b)   Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(c)   For such other and further relief as may be just and proper.

Dated: Cedarhurst, New York
March 17, 2008

_____
Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

_____
Adam J. Fishbein  (AF-9508)